IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02227-PAB-MEH

DLJ MORTGAGE CAPITAL, INC., a Delaware Corporation,

    Plaintiff,

v.

CHAZ APPRAISAL SERVICES, INC., a Colorado Corporation, and
DOES 1-50,

    Defendants.

## ORDER REMANDING CASE TO STATE COURT

In every case and at every stage of a proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Therefore, the Court takes up this matter *sua sponte* on defendant's notice of removal [Docket No. 1]. The notice of removal claims that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Notice of Removal [Docket No. 1] ¶ 9. The notice of removal explains that "[p]laintiff, DLJ Mortgage Capital, Inc., is a Delaware Corporation" and "[d]efendant, Chaz Appraisal Services, Inc., is a defunct Colorado Corporation." Notice of Removal ¶¶ 7-8.

Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). Relevant to the present case, "[t]he district courts shall have original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a) (2006). For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2006); see *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the Court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; see also *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. See *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

Defendant Chaz Appraisal's averments in the notice of removal and plaintiff's statements in the state court complaint do not provide this Court with subject-matter jurisdiction. As noted above, a corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. Therefore, defendant's bare allegations that plaintiff is a "Delaware corporation" and defendant is a "Colorado corporation" are deficient. Because defendant has not met its burden to aver sufficient facts to support this Court's diversity-based jurisdiction, remand is appropriate.[1]

Therefore, it is

**ORDERED** that this case is REMANDED to the District Court for the City and County of Denver, Colorado, where it was originally filed as Case No. 2009cv8330. It is further

**ORDERED** that because this Court lacks jurisdiction over this matter, all settings and orders are hereby vacated.

---

[1] The Court's decision to *sua sponte* remand the case rather than allowing defendant to amend its jurisdictional averments is further supported by the rationale underlying diversity jurisdiction: "to prevent apprehended discrimination in state courts against those not citizens of the state." *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938); *see McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008). This rationale is embodied in the general removal statute's restriction that non-federal-question cases "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (2006). Therefore, even if defendant eventually established diversity of citizenship through amendment and defendant is indeed a citizen of Colorado, that effort could prove futile due to § 1441(b).

3

DATED October 15, 2009.

                                             BY THE COURT:

                                             s/Philip A. Brimmer
                                             PHILIP A. BRIMMER
                                             United States District Judge